IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


**MARTIN VASQUEZ,**

          **Plaintiff,**

                                          CIVIL ACTION
    **vs.**                                         No. 07-3298-SAC

**CURTIS STARKS, et al.,**


          **Defendants.**


ORDER


    This matter is a civil rights complaint filed pursuant to 42 U.S.C. § 1983. Plaintiff, a prisoner at the Larned Correctional Mental Health Facility (LCMHF), proceeds pro se. By an order entered on February 12, 2008, the court directed plaintiff to submit an initial partial filing fee of $15.00. Plaintiff submitted the initial partial filing fee, and the court grants leave to proceed in forma pauperis.[1]

---

[1]     Plaintiff is advised that he remains obligated to pay the balance of the statutory filing fee of $350.00 in this action and the outstanding filing fees in Case Nos. 08-3035 and 08-3057. The Finance Office of the facility where he is incarcerated will be directed by a copy of this order to collect from plaintiff's account and pay to the clerk of the court twenty percent (20%) of the prior month's income each time the amount in plaintiff's account exceeds ten dollars ($10.00) until the filing fee has been paid in full. Plaintiff is directed to cooperate fully with his custodian

Plaintiff also has filed a motion for the appointment of counsel (Doc. 3), two motions to file declarations (Docs. 5 and 7), a motion to file interrogatories (Doc. 10), and a response captioned Motion for Appeal (Doc. 11).

The decision whether to appoint counsel in a civil matter lies in the discretion of the district court. *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991). The court should consider "the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims." *Long v. Shillinger*, 927 F.2d 525, 526-27 (10th Cir. 1991).

After reviewing the complaint, the court finds no basis to appoint counsel in this action. The claims in this matter do not appear to be unusually complicated, and plaintiff is able to set forth the factual basis for his claims. The motion for the appointment of counsel is denied.

The court liberally construes plaintiff's motions to file declarations as supplements to the complaint. These motions are granted.

---

in authorizing disbursements to satisfy the filing fee, including but not limited to providing any written authorization required by the custodian or any future custodian to disburse funds from his account.

The motion for appeal (Doc. 11) appears to seek relief from this court rather than to request an appeal to the United States Court of Appeals for the Tenth Circuit.  Plaintiff asks that this court direct the LCMHF to allow him to use funds in his forced savings account to make payments.

The collection of a prisoner's filing fee is made pursuant to 28 U.S.C. § 1915(b)(2), which requires the collection of 20% of the prisoner's income in each month the funds received exceed $10.00.  Plaintiff's claim that he must pay $15.00 per month is not accurate; rather, the amount paid may vary according to his income.  Because the statute contemplates payment from a prisoner's income, the court will not enter an order directing the collection of fees from plaintiff's forced savings account.

The defendants in this action are Curtis Starks, a police officer in Kinsley, Kansas, and Mark Frame, the City Attorney. The court construes the complaint to allege defendant Starks wrote a false ticket against plaintiff for driving under the influence in July 1998, and that defendant Frame signed the false ticket and forged the plaintiff's name.

The attachments to the complaint show plaintiff entered a diversion agreement on August 11, 1998, upon a charge of operating a motor vehicle under the influence of alcohol on July 4, 1998.  The diversion agreement shows plaintiff's signature

and recites the terms of the agreement.  (Doc. 1, Ex. 2.) Plaintiff also attaches copies of receipts for funds paid to the Office of Municipal Court, Kinsley, Kansas, in August 1998, and December 1998.  (Doc. 1, Ex. 3.)  Despite this, plaintiff contends the documents and the case underlying the diversion agreement, Case No. 98TR085, are false.

Plaintiff's claim against the city attorney is barred by that defendant's absolute immunity from liability arising from actions taken as a prosecutor that are "intimately associated with the judicial phase of the criminal process...." *Imbler v. Pachtman,* 424 U.S. 409, 430 (1976).

Next, to the extent plaintiff seeks damages under § 1983 on the ground that the diversion is invalid, the court considers whether the remaining claims in this action are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994).  In that decision, the United States Supreme Court held that if a judgment under § 1983 for damages would imply the invalidity of a criminal conviction or sentence, the cause of action does not accrue until the conviction or sentence has been overturned on appeal or otherwise declared invalid.

The *Heck* decision has not been confined strictly to criminal judgments.  The Tenth Circuit has extended the rule in *Heck* to "proceedings that call into question the fact or

duration of parole or probation." *Crow v. Penry*, 102 F.3d 1086, 1097 (10th Cir. 1996)(per curiam).

Elsewhere, the *Heck* rationale has been applied to actions by parties who have entered diversion agreements. *See S.E. v. Grant County Board of Education*, 522 F.Supp.2d 826 (E.D. Ky. 2007)(*Heck* barred constitutional claims that implicated validity of juvenile diversion); *Gilles v. Davis,* 427 F.3d 197(3d Cir. 2005)(*Heck* barred malicious prosecution and First Amendment claims where plaintiff entered pretrial diversion); and *Everage v. Whitaker*, 2006 WL 782744 (E.D. Ky. 2006)(*Heck* barred claims of false arrest and false imprisonment). *But see Butts v. City of Bowling Green*, 374 F.Supp.2d 532 (W.D. Ky. 2005)(*Heck* did not bar claims because diversion not a conviction) and *Knox v. City of Royal Oak*, 2006 WL 3825069 (E.D. Mich.)(*Heck* did not bar claims where plea agreement resulted only in finding of civil infraction).

While the court has found no precedent in this Circuit concerning whether the *Heck* rule may be invoked to bar claims when the plaintiff has entered a diversion, a review of case law persuades the court that such a bar should be applied.

First, the *Heck* decision analogized the plaintiff's suit to one for malicious prosecution, which requires the favorable termination of criminal proceedings. 512 U.S. at 484. There is

authority that acceptance of a diversion does not constitute the favorable termination of a criminal proceeding. *Swanson v. Fields*, 84 F.Supp. 1007, 1015 (D.Kan. 1993); *Hinton v. City of Elmwood, Kansas*, 1991 WL 205035, *6 (D. Kan.).

Next, "[t]he legislative history of the Kansas diversion statutes suggests that they were enacted to provide an alternative to the traditional dispositions of incarceration or probation." *State v. Scheuerman*, 82 P.3d 515, 518 (Kan. App. 2003)(citation omitted).

The court concludes the diversion agreement in question here is sufficiently analogous to a finding in a criminal action that it is reasonable to impose the *Heck* bar. There has been no favorable termination of the criminal charges against plaintiff, and the court finds no compelling reason to allow claims presented in a civil rights action which would imply the invalidity of a diversion to proceed where claims arising from a criminal conviction could not. Accordingly, the court will dismiss this matter without prejudice.

IT IS, THEREFORE, BY THE COURT ORDERED plaintiff's motion for leave to proceed in forma pauperis (Doc. 2) is granted. Collection action shall continue pursuant to 28 U.S.C. §1915(b)(2) until plaintiff satisfies the balance of the filing fees assessed in Case Nos. 08-3057 and 08-3035 and in this

matter.

IT IS FURTHER ORDERED plaintiff's motion for the appointment of counsel (Doc. 3) is denied.

IT IS FURTHER ORDERED plaintiff's motions to file declaration (Docs. 5 and 7) are construed as supplements to the complaint and are granted.

IT IS FURTHER ORDERED plaintiff's motion to file interrogatories (Doc. 10) is denied.

IT IS FURTHER ORDERED plaintiff's claims against defendant Frame are dismissed with prejudice due to his absolute prosecutorial immunity.

IT IS FURTHER ORDERED plaintiff's remaining claims are barred by *Heck v. Humphrey* and are dismissed without prejudice.

Copies of this order shall be mailed to plaintiff and to the Finance Officer of the facility where plaintiff is incarcerated.

**IT IS SO ORDERED**.

Dated at Topeka, Kansas, this 25th day of April, 2008.


S/ Sam A. Crow
SAM A. CROW
United States Senior District Judge