IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MARTIN VASQUEZ ARROYO,

        Plaintiff,

vs.                                           Case No. 07-3298-SAC

CURTIS STARKS,

        Defendant.

MEMORANDUM AND ORDER

This civil rights complaint pursuant to 42 U.S.C. § 1983 comes before the Court on Defendant's motion for judgment on the pleadings and/or for summary judgment.

**Procedural background**

Plaintiff, a prisoner, originally brought this § 1983 case against City Attorney Mark Frame and Officer Curtis Starks. This Court, acting *sua sponte*, previously dismissed all claims against Mr. Frame and found the claims against Officer Starks barred by *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994). Doc. 12. Plaintiff appealed the judgment as to Officer Starks, but not as to Mr. Frame.

The Tenth Circuit reversed the ruling as to Officer Starks, holding that the bar of *Heck v. Humphrey* does not apply to Kansas pre-trial diversion agreements, such as Plaintiff had here. *Vasquez Arroyo v. Starks*, 589 F.3d

1091 (10th Cir. 2009). Accordingly, the Tenth Circuit remanded the case. After remand, defendant Starks filed the present motion to dismiss and for summary judgment. In response, Plaintiff, assisted by counsel, has clarified that his only claim against Officer Starks is that he illegally stopped and arrested Plaintiff without probable cause on July 4, 1998.[1]

Defendant has moved to dismiss Plaintiff's claims pursuant to the statute of limitations. Alternatively, Defendant has moved for summary judgment on Plaintiff's claims.

**Statute of Limitations**

The Court first examines Defendant's claim that this case is barred by the statute of limitations. It is uncontested that Plaintiff's seizure and arrest was on July 4, 1998, and that this case was filed on December 26, 2007. Plaintiff asserts that tolling saves his case.

Under Kansas law, the burden of pleading and proving the applicability of the affirmative defense of the statute of limitations rests on the defendant. *Slayden v. Sixta*, 250 Kan. 23, 26 (1992). Defendant shows that the statute of limitations period for a § 1983 claim is dictated by the

---

[1] See Doc. 39, p. 4, conceding that Officer Starks is not alleged to have forged any agreement, but is alleged to have "initiated the case by stopping him without probable cause and by issuing a citation which had no basis in fact." Plaintiff further concedes that he is not bringing a claim based on issuance of the citation. *Id.*, p. 5. "His complaint is that he was illegally seized by officer Starks and illegally accused." *Id.* Elsewhere, Plaintiff characterizes his clam as a "false arrest" without probable cause. *See* Dk. 39,p. 5.

2

personal injury statute of limitations in the state in which the claim arose. *Wallace v. Kato*, 549 U.S. 384, 387 (2007). In Kansas, that period is two years. K.S.A. 60-513(a)(4). *Hamilton v. City of Overland Park*, 730 F.2d. 613, 614 (10th Cir. 1984), *cert. denied*, 471 U.S. 1052 (1985). Accordingly, Plaintiff's action is barred unless saved by tolling.

Under Kansas law, the plaintiff bears the burden of proving facts sufficient to toll the statute of limitations. *Slayden*, 250 Kan. at 26. Plaintiff contends that under Kansas law, the two-year period did not start to run until he discovered the allegedly false DUI citation and diversion agreement in May of 2005, and that the statute of limitations was thereafter tolled by plaintiff's mental incapacity which began in September of 2005. Doc. 39, p. 2. *See* K.S.A. 60-515(a).

Plaintiff errs in relying upon the state, rather than the federal law governing the accrual of his cause of action for wrongful arrest, because federal law governs when the action accrues. *Kripp v. Luton*, 466 F.3d 1171, 1175 (10th Cir. 2006). Under federal law, a § 1983 claim for arrest without probable cause accrues on date of the arrest. *See Wallace*, 549 U.S. at 388 ("There can be no dispute that petitioner could have filed suit as soon as the allegedly wrongful arrest occurred, subjecting him to the harm of involuntary detention, so the statute of limitations would normally commence to run from that date."); *Laurino v. Tate*, 220 F.3d 1213 (10th Cir. 2000); *Beck v. City of Muskogee Police Department*, 195 F.3d 553, 558 (10th Cir. 1999)

(affirming the general rule that "causes of action relating to an allegedly illegal arrest arise at the time of arrest."); *Johnson v. Pottawotomie Tribal Police Dept.*, 2010 WL 2520064, 5 (D.Kan. 2010) ("The Tenth Circuit has determined that "[c]laims arising out of police actions toward a criminal suspect, such as arrest, interrogation, or search and seizure, are presumed to have accrued when the actions actually occur."). Plaintiff's cause of action thus accrued on July 4, 1998, the date of his arrest, and expired two years later.

Plaintiff has not shown any material question of fact regarding his legal incapacity at the time of his 1998 arrest or within two years thereafter. *See Martin v. Naik*, 43 Kan.App.2d 591, 599-600 (Kan.App. 2010) ("In the case of an incapacitated person ... [K.S.A. 60-515] applies only to a person who is incapacitated at the time the cause of action accrues or who later becomes incapacitated while the statute of limitations is running.") Plaintiff's only alleged incapacity is in or after 2005. Because Plaintiff has not shown that tolling may apply, his case is barred by the two-year statute of limitations which began to run on the date of his arrest. The Court finds it unnecessary to reach the parties' arguments concerning the applicability or constitutionality of the Kansas statue of repose.

**Summary Judgment Standard**

Alternatively, the Court finds, for the reasons set forth below, that summary judgment is warranted because Plaintiff's suit against Officer Starks

is barred by qualified immunity.

A court grants a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure if a genuine issue of material fact does not exist and if the movant is entitled to judgment as a matter of law. The court is to determine "whether there is the need for a trial-whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). "Only disputes over facts that might affect the outcome of the suit under the governing law will ... preclude summary judgment." *Id*. There are no genuine issues for trial if the record taken as a whole would not persuade a rational trier of fact to find for the nonmoving party. *Matsushita Elec. Indust. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

To counter a "properly made" motion, the non-movant must "set out specific facts showing a genuine issue for trial" by way of admissible evidence in compliance with Rule 56(e)(1). A party faced with a summary judgment motion may not simply rest on allegations contained in the pleadings, but must come forward with admissible evidence establishing each fact he relies upon. *BancOklahoma Mort. Corp. v. Capital Title Co.*, 194 F.3d 1089, 1097 (10th Cir. 1999). To accomplish this, the facts "must be identified by reference to an affidavit, a deposition transcript, or a specific exhibit incorporated therein." *Adams v. American Guarantee and Liability Ins. Co.*,

233 F.3d 1242, 1246 (10th Cir. 2000). Affidavits must be made on personal knowledge and shall set forth such facts as would be admissible in evidence. Fed.R.Civ.P. 56(c)(4).

The nonmoving party's admissible evidence "is to be believed, and all justifiable inferences are to be drawn in [that party's] favor." *Anderson*, 477 U.S. at 255; *MacKenzie v. City & County of Denver*, 414 F.3d 1266, 1273 (10th Cir. 2005). At this stage, "[c]redibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge...." *Anderson*, 477 U.S. at 255. However, "[w]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.' " *Matsushita*, 475 U.S. at 587. *See Pinkerton v. Colorado Dept. of Transp.*, 563 F.3d 1052, 1058 (10th Cir. 2009).

**Undisputed facts**

The following facts, properly numbered and specifically cited to the record by Defendant, are based on admissible evidence.

On July 4, 1998, Officer Starks observed a vehicle with only one tail light working and conducted a traffic stop on that vehicle. The car was being driven by Plaintiff. Officer Starks observed several open cans of beer in the vehicle. When Officer Starks asked Plaintiff if he had been drinking, Plaintiff volunteered to take a test. Officer Starks conducted field sobriety tests on Plaintiff, including a one-leg stand and a walk and turn, both of which, in the

6

officer's opinion, Plaintiff failed. Plaintiff was arrested for DUI. Plaintiff took a breath test and the printout showed a blood alcohol content of .156.[2]

Plaintiff's response makes no attempt to properly controvert these facts, as is required by Rule 56, or to state his own facts. Instead, he states only that "Plaintiff's factual allegations are set forth in the petition…" Doc. 39, p. 1. Plaintiff's petition was signed, and attached his signed declaration under penalty of perjury that the information in the petition is true and correct. Our local rule expressly includes declarations under penalty of perjury as a valid means of establishing facts for purposes of summary judgment, so the information in the petition could arguably provide the underlying factual support necessary to support or oppose a summary judgment motion. *See* D. Kan. R. 56(d).

But even so, a party opposing summary judgment does not comply with his obligations under the rule by a general allusion to unspecified facts in one's petition. Under the applicable procedural rules, it is the duty of the parties contesting a motion for summary judgment to direct the court to those places in the record where evidence exists to support their positions. *See Gross v. Burggraf Constr. Co.*, 53 F.3d 1531, 1546 (10th Cir. 1995); *Caffree v. Lundahl*, 143 Fed. Appx. 102, 106, 2005 WL 1820044, *3 (10th Cir. 2005).

---

[2]The record does not reflect when the breath test occurred, so the Court will construe this fact in the light most favorable to the Plaintiff and assume the breath test was not done until after his arrest.

It is not the duty of this court to scour the record which has not been cited by the parties. *Accord United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991) ("Judges are not like pigs, hunting for truffles buried in briefs."). Thus our local rule requires, among other matters, that each disputed fact be numbered and refer with particularity to the part of the record relied on. *See* D. Kan. R. 56.1(b)(1), (b)(2). It also provides that "[a]ll material facts set forth in the statement of the movant will be deemed admitted for the purpose of summary judgment unless specifically controverted by the statement of the opposing party." D. Kan. R. 56.1(a). Because Plaintiff has failed to specifically controvert any of the facts properly set forth by Defendant, all of Defendant's facts stated above shall be admitted for purposes of this motion.[3]

### § 1983 cases, generally

"To state a claim under section 1983, plaintiff must allege the violation of a right secured by the Constitution and laws of the United States ... committed by a person acting under color of state law." *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49–50 (1999); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992). "Because vicarious liability is inapplicable to ... § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the

---

[3]Even had the Court considered the facts in the petition, they fail to contradict the majority of facts established by Defendant. Plaintiff admits that he had open containers of beer, but contends that the police stopped him before he took a drink. Doc. 1. p. 2.

Constitution." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1948 (2009); *Henry v. City of Albuquerque*, __ F.3d __, (10th Cir. Oct. 3, 2011). A plaintiff who has adequately identified defendants and described their acts in a § 1983 complaint must also allege facts showing a federal constitutional violation, not merely inappropriate action.

### Qualified Immunity

Plaintiff asserts that Officer Starks arrested him without probable cause and thus violated his right to be free from false arrest under the 4th and 14th Amendments to the United States Constitution. Officer Starks responds that he had probable cause to arrest the Plaintiff for DUI, and that he is entitled to qualified immunity with respect to that claim. The burden thus shifts to the Plaintiff.

> To defeat the officers' claim of qualified immunity, the [plaintiffs] must show (1) the officers violated their constitutional or statutory rights, and (2) the violated rights were clearly established at the time of the events in question. *Shroff v. Spellman*, 604 F.3d 1179, 1188 (10th Cir.2010). [The court has] discretion to determine which prong of the immunity defense to address first, in light of the circumstances of the case at hand, and may resolve the question by finding either requirement is not met. *Christensen v. Park City Mun. Corp.*, 554 F.3d 1271, 1277 (10th Cir.2009) (citing *Pearson v. Callahan*, 555 U.S. 223, 129 S.Ct. 808, 818, 172 L.Ed.2d 565 (2009)).

*Mascorro v. Billings*, __ F.3d __, 2011 WL 3836439, 3 (10th Cir. Aug. 31, 2011).

The Plaintiff is required to specifically articulate the clearly established constitutional right which was violated, and the defendant's conduct which

violated it.

> In order to carry [this] burden, the plaintiff must do more than identify in the abstract a clearly established right and allege that the defendant has violated it. Rather, the plaintiff must articulate the clearly established constitutional right and the defendant's conduct which violated the right with specificity….

*Romero v. Fay*, 45 F.3d 1472, 1475 (10th Cir. 1995) (citations omitted). Plaintiff fails to meet this burden, as he alleges only "… it is clear that a reasonable officer would have understood in July of 1998 that an arrest without probable cause would violate the constitutional right to be free from unreasonable seizures." Dk. 39, p. 5.

Nonetheless, the Court examines the merits of this claim, analyzing Plaintiff's allegation of arrest without probable cause under the Fourth Amendment, instead of under the more general considerations of due process. *See Albright v. Oliver*, 510 U.S. 266, 273 (1994) (plurality opinion) ("Where a particular Amendment provides an explicit textual source of constitutional protection against a particular sort of government behavior, that Amendment, not the more generalized notion of 'substantive due process,' must be the guide for analyzing these claims" (internal quotation marks omitted).) Plaintiff's burden is thus to show that a reasonable officer in Officer Starks's shoes would have known that he lacked probable cause to arrest Plaintiff for DUI.

"Probable cause exists if the facts and circumstances known to the officer warrant a prudent man in believing that the offense has been

committed." *Buck v. City of Albuquerque*, 549 F.3d 1269, 1281 (10th Cir. 2008) (internal quotation marks omitted). That question turns solely on whether the officer held an objectively reasonable belief that Plaintiff was violating the law, even if he was not in fact violating the law. *See United States v. Herrera*, 444 F.3d 1238, 1246 (10th Cir. 2006) ( "This court has consistently held that an officer's mistake of fact … may support probable cause …, provided the officer's mistake of fact was objectively reasonable." (quotation omitted)).

The determination of probable cause is measured against an objective standard which considers the totality of the circumstances known to the officers involved in the investigation.

> "Probable cause to arrest exists only when the facts and circumstances within the officers' knowledge, and of which they have reasonably trustworthy information, are sufficient in themselves to warrant a man of reasonable caution in the belief that an offense has been or is being committed." *United States v. Valenzuela*, 365 F.3d 892, 896 (10th Cir. 2004) (quotation omitted). "Probable cause is measured against an objective standard of reasonableness and may rest on the collective knowledge of all officers involved in an investigation rather than solely on the knowledge of the officer who made the arrest." *United States v. Zamudio-Carrillo*, 499 F.3d 1206, 1209 (10th Cir. 2007). In determining whether probable cause to arrest exists, we "evaluate[] . . . the circumstances as they would have appeared to prudent, cautious and trained police officers." *United States v. Davis*, 197 F.3d 1048, 1051 (10th Cir. 1999) (quotation omitted).

*United States v. Chavez*, __ F.3d __ (10th Cir. Oct. 18, 2011).

At the time of Plaintiff's arrest, DUI was prohibited by § K.S.A. 8-1567(a), which stated, in relevant part:

11

> No person shall operate or attempt to operate any vehicle within this state while: (1)The alcohol concentration in the person's blood or breath at the time or within two hours after the person operated or attempted to operate the vehicle, is .10 or more; [or] (2) under the influence of alcohol…

Kansas Session Laws 1985, Ch. 50, § 5, p. 345-46.

The Court finds that under the totality of the circumstances, a reasonable officer in Officer Starks' position could well have thought the elements required by the DUI statute were met in this case. The uncontroverted facts establish that Officer Starks saw Plaintiff driving a vehicle, that Officer Starks legally stopped that vehicle for a traffic offense, that there were open beer containers in the vehicle at the time of the stop, and that Officer Starks administered two field sobriety tests to Plaintiff, which Officer Starks determined Plaintiff failed. The information available to Officer Starks established probable cause to arrest the Plaintiff for DUI.

To the extent Plaintiff may also contend that his initial traffic stop was illegal, it is undisputed that Officer Starks stopped Plaintiff's vehicle because he believed it had a tail light out. When an officer initiates a routine stop for an observed traffic violation, the constitutionality of the seizure is analyzed pursuant to the two-prong test provided by *Terry v. Ohio*, 392 U.S. 1 (1968). *United States v. Clarkson*, 551 F.3d 1196, 1201 (10th Cir. 2009). "A traffic stop is justified at its inception if an officer has … reasonable articulable suspicion that a particular motorist has violated any of the traffic or equipment regulations of the jurisdiction." *United States v. Winder*, 557 F.3d

12

1129, 1134 (10th Cir. 2009).

> Although "reasonable suspicion requires [an] officer to act on something more than an inchoate and unparticularized suspicion or hunch, the level of suspicion required ... is considerably less than proof by a preponderance of the evidence or that required for probable cause." *McHugh*, 639 F.3d at 1255-56 (quotations and brackets omitted). In determining whether reasonable suspicion exists, "we look to the totality of the circumstances, rather than assessing each factor or piece of evidence in isolation." *Id.* at 1256 (quotation omitted). In so doing, we "defer to the ability of . . . trained law enforcement officer[s] to distinguish between innocent and suspicious actions" and we "consider the reasonableness of an officer's actions using an objective standard." Id. (quotations omitted)

*Chavez*, __ F.3d __ (10th Cir. Oct. 18, 2011).

Here, it is undisputed that Officer Starks observed Plaintiff driving a vehicle that had only one tail light working, in violation of a Kansas traffic law. See K.S.A. 8-1703; 8-1706. Accordingly, regardless of the officer's subjective intentions, *see Whren v. United States*, 517 U.S. 806 (1996), and regardless of the fact defendant was not later convicted of DUI, *see Fogarty v. Gallegos*, 523 F.3d 1147, 1156 (10th Cir. 2008), the initial stop did not violate Plaintiff's constitutional right to be free from unreasonable search or seizure. Accordingly, the uncontested facts establish no violation of Plaintiff's constitutional rights.

The Court therefore dismisses Plaintiff's case against Officer Starks based upon the statute of limitations, and alternatively grants summary judgment in favor of Officer Starks based on his qualified immunity from suit.

IT IS THEREFORE ORDERED that defendant's motion for judgment on

the pleadings and for summary judgment (Doc. 35) is granted.

Dated this 20th day of October, 2011.


                                          s/ Sam A. Crow
                                          Sam A. Crow, U.S. District Senior Judge